While I agree with my colleagues in the majority, I submit that there is an additional reason to affirm the trial court. Separating the substance from the shadow relative to Appellant's fourth and fifth assignments of error which pertain to the jury instructions given by the trial court, any potential error can only be categorized as being harmless. That is, the function of the jury in determining a drug offense is set forth with specificity in the Ohio Revised Code.
Here, appellant was charged with a violation of R.C. 2925.11
(possession of drugs). Subsection (G) of that section states:
 When a person is charged with possessing a bulk amount, division (E) of section 2925.03 of the Revised Code applies regarding the determination of the amount of the controlled substance involved at the time of the offense."
The aforementioned R.C. 2925.03 states:
 A(E) When a person is charged with the sale of or offer to sell a bulk amount or a multiple of a bulk amount of a controlled substance, the jury, or the court trying the accused, shall determine the amount of the controlled substance involved at the time of the offense and, if a guilty verdict is returned, shall return the findings as part of the verdict. In any such case, it is unnecessary to find and return the exact amount of the controlled substance involved, and it is sufficient if the finding and return is to the effect that the amount of the controlled substance involved is the requisite amount, or that the amount of the controlled substance involved is less than the requisite amount."
Moreover, the foregoing provisions must be read in conjunction with R.C. 2945.75 which states in relevant part, as follows:
 '2945.75 Degree of offense; charge and verdict; prior convictions.
 (A) When the presence of one or more additional elements makes an offense one of more serious degree:
 (1) The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements. Otherwise such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.
 (2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the last degree of the offense charged." (Emphasis supplied).
Furthermore, the committee comment with regards to the preceding provision adds further clarity to the situation:
 This section provides that when an additional element or elements operate to increase the severity of the penalty for an offense, then the charge must either allege the additional elements or allege the higher degree. Similarly, in such cases, a guilty verdict must specify whether such additional elements are found or that the verdict is guilty of the higher degree. If a charge omits to specify the additional elements or to specify the degree, it is effective to charge only the lowest degree of the offense. In the same way, a verdict of guilty which specifies neither that additional elements nor the higher degree constitutes a verdict of guilty of the lowest degree of the offense."
Here, the jury initially returned a verdict of guilty to possession of cocaine, but did not indicate the exact amount. Eventually, they indicated an amount which translated to the lowest degree of the offense. Had that jury never agreed on the amount and even if the trial court had not sent the jury for further deliberation at all, appellant (pursuant to the foregoing statutes) would have been guilty of the lowest degree of the offense. Therefore, appellant sustained no prejudice.